**XUE PING ZHUO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 06–4284–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 3, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Hillel R. Smith, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Ping Zhuo, a native and citizen of the People's Republic of China, seeks review of the August 22, 2006 order of the BIA affirming the May 2, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his motion to reopen and to file a successive asylum application. *In re Xue–Ping Zhuo*, No. A073 178 355 (B.I.A. Aug. 22, 2006), *aff'g* No. A073 178 355 (Immig. Ct. N.Y. City, May 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). As an initial matter, Zhuo's challenges to the agency's denial of his motion to file a successive asylum application are foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

To the extent Zhuo moved to reopen his deportation proceedings based on changed circumstances arising in China, we find that the BIA's denial of his untimely motion was not an abuse of discretion. Contrary to Zhuo's arguments, there is no indication that the BIA failed to sufficiently consider the evidence he submitted in support of his motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Moreover, we have previously upheld the BIA's rejection of evidence such as the Aird affidavit, upon which Zhuo's motion relied. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006); *see also Jian Hui Shao v. Mukasey,* 546 F.3d 138, 163–64 (2d Cir.2008). Accordingly, we find no reason to disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).